IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MISTER MONEY, INC.,
Plaintiff,

CIVIL ACTION NO.: 7:25-cv-10306-PMH

vs.

TYREKE ROGERS, ET AL.,
Defendants.
______________________________/

**DEFENDANT TYREKE ROGER'S MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT, PURSUANT TO RULE 60(B), FED.R.CIV.P.**

COMES NOW, the Defendant, TYREKE ROGERS, appearing this day pro se and without the aid of counsel, who respectfully moves this Honorable Court for vacatur of the Court's May 18, 2026 Default Judgment on Liability and Declaratory Relief, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and states as follows:

**GROUND ONE:**

**PLAINTIFF'S COMPLAINT DOES NOT ESTABLISH PERSONAL JURSIDCTION OF DEFENDANT AND PERSONAL JURISDICTION OF DEFENDANT IS ABSENT IN THE ABOVE-STYLED CAUSE, MAKING THE DEFAULT JUDGMENT VOID:**

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.,* 619 F.3d 207, 213 (2d Cir.2010).

The personal jurisdiction analysis in this case narrows to one inquiry: whether jurisdiction comports with due process. Under the governing framework of personal jurisdiction, as developed in the Supreme Court jurisprudence, Daimler AG v. Bauman, 571 U.S. 117, 125, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014), the exercise of jurisdiction over nonresident defendants of a forum state

is not inconsistent with due process if the nonresident defendants have certain "minimum contacts" with the forum "such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" *Int'l Shoe v. Washington,* 326 U.S. at 316, 66 S.Ct. 154 (quoting *Milliken v. Meyer,* 311 U.S. 457, 462, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

In general, there must be "some act" by which defendants "purposefully avail[]" themselves of the "privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King,* 471 U.S. at 475, 105 S.Ct. 2174. The contacts made by defendants must therefore by their actions create a "substantial connection" to the forum state — where defendants have deliberately "engaged in significant activities within a State" or have "created `continuing obligations' between [themselves] and residents of the forum — and "proximately result from the actions by the defendant[s] themselves," such that it is "presumptively not unreasonable to require [defendants] to submit to the burdens of litigation in that forum as well." *Id.* at 475-76, 105 S.Ct. 2174 (further citations and quotations omitted).

Here, Mr. Rogers has never availed himself of conducting activities within the forum State and neither has non-party Mr. Macklin, of which there is an alleged assignment in this case of the interests to and in the subject-matter musical compositions.

As such, Plaintiff has failed to show and this Court does not have personal jurisdiction over Defendant Rogers.

A default judgment is "void" if it is rendered by a court that lacks jurisdiction over the parties. *See* " *R* " *Best Produce*, 540 F.3d at 123 (citing *In re Texlon Corp.,* 596 F.2d 1092, 1099 (2d Cir.1979)); *Covington Indus., Inc. v. Resintex A.G.,* 629 F.2d 730, 732 (2d Cir.1980). Rule 60(b)(4). That rule provides: "On motion and just terms, the court may relieve a party ... from

a final judgment ... [if] the judgment is void." Fed. R. Civ. 60(b)(4); *see* " *R* " *Best Produce*, 540 F.3d at 122–23 (explaining that a defendant seeking to challenge a default judgment for lack of personal jurisdiction may proceed under Rule 60(b)(4)).

"A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure ... 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' " *Grace,* 443 F.3d at 193 (quoting *In re Texlon Corp.,* 596 F.2d at 1099). Courts generally review motions pursuant to the provisions of Rule 60(b) for abuse of discretion, " *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir.2005) (quoting *State St. Bank & Trust Co.,* 374 F.3d at 178). That is because, if the underlying judgment is void for lack of jurisdiction, "it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Id.* (internal quotation marks omitted); *accord* *Spamhaus Project,* 500 F.3d at 598. " '[T]he judgment is either void or it is not.' " *Cent. Vt. Pub. Serv. Corp. v. Herbert,* 341 F.3d 186, 189 (2d Cir.2003) (quoting *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.,* 804 F.2d 311, 314 (5th Cir.1986)).

WHEREFORE, having shown that this Court lacks jurisdiction over Defendant, Defendant hereby respectfully moves this Court for vacatur of the underlying default judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

**GROUND TWO:**

**PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS, MAKING THE DEFAULT JUDGMENT VOID:**

The United States Court of Appeals for the Second Circuit, in Merchant v. Levy, 92 F.3d 51 (2nd Cir. 1996) has previously weighed in on an issue of this sort and found that "a co-author

knows that he or she jointly created a work from the moment of its creation … We hold that plaintiffs claiming to be co-authors are time-barred three years after accrual of their claim from seeking a declaration of copyright co-ownership rights and any remedies that would flow from such a declaration," quoting Zuill v. Shanahan, 80 F.3d 1366, 1369 (9th Cir.1996). The Second Circuit stated its conclusion promotes the principles of repose integral to a properly functioning copyright market. The Second Circuit in Mechant therefore found that Plaintiffs' suit was barred by the statute of limitations and reversed the judgment of the district court with directions to dismiss the complaint.

Here, Plaintiff alleges that he knew he jointly created a work from the moment of its creation, which was, according to Plaintiff's Complaint, January 2019. See Plaintiff's Complaint [DE#1 at paragraph 8].

Furthermore, the musical compositions alleged in Plaintiff's Complaint were nationally released prior to November 4, 2022, which bars any claim filed after November 4, 2025 for even the most recent musical composition:

007 was released on November 25, 2020

G6 was released on May 21, 2021

Ooh Okay was released on May 21, 2021

G6 Part 2 was released on September 10, 2021

Jazz was released on November 4, 2022

Noting that the statute of limitations being well expired in this matter is shown from the Complaint itself, in **City of New York v. Mickalis Pawn Shop, LLC**, the Second Circuit explained that a defaulting defendant admits well-pleaded factual allegations, but the district court need not accept that those facts amount to a valid cause of action and must determine liability as a

matter of law before entering default judgment. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114 (2d Cir. 2011).

District courts apply the same rule in default-judgment proceedings: factual allegations are deemed admitted, but legal conclusions are not. See, e.g., Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19 (E.D.N.Y. 2015).

WHEREFORE, inasmuch as Plaintiff's claims are clearly barred the applicable statute of limitations, Defendant moves this Honorable Court to vacatur of the default

## GROUND THREE:

**THE PENDENCY OF DEFENDANT'S MOTION TO QUASH SERVICE ALSO PRECLUDES ENTRY OF DEFAULT JUDGMENT**

Further considering that Defendant Rogers filed a Motion to Quash Service, which remains pending and unanswered and/or adjudicated, entry of default judgment in this matter was erroneous and vacatur of the default judgment is warranted.

## CONCLUSION

Mr. Rogers is a resident of Miami-Dade County, Florida. Being subjected to the United States District Court for the Southern District of New York imposes a harsh and challenging task on Mr. Rogers in monitoring and/or defending this action. Specifically, mailing times are delayed and Mr. Rogers has encountered significant troubles contacting the Court and/or filing documents on his behalf as a result of his pro se posture in this matter.

The default judgment was a very serious penalty and Mr. Rogers prays for this Court's consideration and understanding underlying.

Dated: July 13, 2026

Respectfully Submitted,

/s/ Tyreke Rogers
Tyreke Rogers
Defendant, pro se
14000 NW 1st Avenue
North Miami, Florida 33169

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon Attorney Andrew L. Kincaid, counsel for the Plaintiff, by United States Mail, at 152 West 57th Street, 8th Floor, New York, NY 10019, this 13th day of July 2026.

Respectfully Certified,
/s/ Tyreke Rogers
Defendant, pro se